By the Court, Cowen, J.
The judge charged correctly, that if Howard had the right to apply the $400, when and as he pleased, or if it had in fact been applied, then the plaintiff could not recover. ‘ This is not denied. He was *48 bound, to introduce the credit defensively before the referees, and whether he had done so or not, and whether it had there been allowed or disallowed, an .action for the sum was barred by the suit and proceedings in the mayor’s court. Indeed, independently of that, a sum of money, advanced or applied as payment on a subsisting demand, is not recoverable by the payor in an action against the payee. The only way in which it can be made available is, by way of answer to an action by the payee.
On the other hand, if the money had passed by a naked loan, it would have been the subject of an action originally, but was barred by the submission and award. Not being at all connected with the barrel contract, it was not withdrawn from the consideration of the arbitrators; for the only matter attempted to be withdrawn, was, the barrel contract and any question arising out of it: So far, most clearly, the plaintiff in avoiding Scylla, is necessarily drawn into Charybdis.
The jury have, however, found the middle ground—that the defendant had an option either to treat the advance as an independent loan, or to apply it; and finally, when he came to the reference, he refused to do the latter. In the mean time, did the $400 make a part of the barrel contract, or was it any way connected with it? Does the present action for the money raise any question which would arise out of the barrel contract; or any point of litigation in regard to that contract ? The learned judge thought the nature of the claim for the $400 was suspended between the character of a loan and a payment, from the time of the advance till 1835, when the defendant refused to apply it; that up to that time, it stood on the option of the defendant, whether it should be applied as a payment on the barrel contract, or treated as an independent loan. The loan was cleatiy independent in the first instance. It then had nothing to do with the barrel contract; and the only way in which the defendant could connect it, was by crediting it on the barrel account. That he did no't do. He might have connected it, but did not; and being in no wise connected with the contract at the time of the arbi *49 tration, how can it he said to furnish any question arising out of such contract? The contract of loan was one thing; the contract to deliver barrels another; and the only option which could bring them into one, was never exerted. Till exerted, the contract of loan continued such; and although suspended, it seems to me an action would have lain for money lent, at any time before being actually applied as a payment. It was but borrowing money, with leave to set it off against a future debt to become due from the lender to the borrower. But it was never actually set off. A question on the previous debt can no more be said to arise out of a suit or arbitration concerning the latter, than if there had been no agreement, but the set-off had been left upon the legal right. Whether it should be set off, would in either case be optional with the borrower.
It appears to me, therefore, that the judge erred in charging that an option to set1 off, so Connected the loan with the barrel contract, that the withdrawal of the latter took the former along with it; and that therefore he should have directed a verdict for the defendant, on the, ground that, admitting the barrel contract was effectually withdrawn, still the loan was left for the consideration of the arbitrators, and so this action barred by the award.
Another objection taken is, that admitting it to have been connected with the barrel, contract, yet even the latter could not be withdrawn by parol, but only by revocation under seal, on the maxim eo ligamine quo ligitur. No doubt the maxim entirely applies to a sealed submission, as well as to a sealed contract. It is out of the power of both parties to alter the legal effect of the one or the other, without seal. (Creig v. Talbot, 2 Barn. & Cress. 179, per Holroyd, J. and the cases cited by him; and vid. Allen v. Jaquish, 21 Wend. 628, and the cases there cited.) The submission must therefore be taken to have stood the same as if the parties had said nothing of the barrel contract; and the award would, in that view', be a bar
New trial granted.